Your Honor, may I have one minute? Sure. You try and keep track and we'll try to help you. Thank you, Judge. May it please the Court, my name is Tyrone Mitchell. I represent Mr. Gregory Young in this matter and also representing him at trial in this case. Your Honor, there are, Your Honors, there were two issues that Mr. Young brings on appeal. One, whether the district court erred in not declaring a mistrial because there were a reconcilable verdict with respect to the case. Mr. Young had been charged by the government with assault with a dangerous weapon in count one, assault resulting in serious bodily injury in count two. There was an initial jury trial before this trial in which it ended in a hung jury. The second case that came on the same count, we also made sure we clarified with respect to the case how the government's theory or what the government's theory was with respect to this case. The facts of the case was that at a barbecue, allegedly, my client stabbed the victim with a knife. And that was the sole theory that the what my client did. And the reason I draw the Court's narrow attention to that is because much and of all of the arguments set forth at trial dealt with that specific theory of the case, that my client, within this barbecue that happened between him and his brother-in-law, allegedly stabbed the victim with the knife. And, Your Honors, I point, ask the Court, point out to the Court that the difference between those accounts, the assault with a dangerous weapon and the assault resulting in serious bodily injury, is one element. The one element is that with respect to count one, the assault with the dangerous weapon, that there has to be a finding that the defendant used a dangerous knife. And in the jury instructions, it's so to be a dangerous knife. Any other findings with respect to this case or findings with respect to the jurors, I think would have been in my client's, would have been in violation of my client's constitutional rights and being on notice as to what he is being charged with. So, and the jury, now let me make sure I understand this. On the trial that we're dealing with, the jury hangs on count one, convicts on count two. But you're saying there had been an earlier trial in which there had been a hung jury as to everything? Yes, sir. So, in other words, a close case. It was a close case. And, Judge, I'll be honest with you. I'm not sure how we got this far in that there was testimony with respect to that my client stabbed the victim with the knife. And so, where we, when the, and before the verdict comes back, we get the juror note with respect to the second issue, which I will concede to the court is a little more weaker than our first one. But it sheds some light that can we find guilty of assault if we don't find there was a knife and it was re-read back? Well, of course, you ended up with a hung on that count. And how do we reconcile a Jaeger that said that a hung count is evidence of nothing other than, of course, that the jury has failed to decide anything? Ordinarily, Judge, ordinarily, I would agree with you. But the problem with respect to this case, as you compare count one to count two, there's only one different element between them, and that was the knife. So we know, and not looking at what going into the back in the courtroom or into the room and looking and trying to figure out what the jurors did, we know that at least one person said there was no knife. Because essentially, the counts one and counts two are essentially the same without that. And I think that gives the court at least some insight as to why you cannot reconcile both of these counts. Now, you're, what you say is perfectly logical that as to count one, the one on which the jury hung, you said there has to be, I won't say there has to be, but it's very likely that there was a juror who said, well, I'm not sure there was a knife. On the other hand, it's also possible that you just had a stubborn juror that said, you know what, I'm just not convicting on that one. Don't even talk to me. You know, jurors do whatever they're going to do. I'm not disputing that, Judge. I would concede that. But in terms of, and the only reason this becomes close, because in all the, what we looked at all throughout Westlaw in trying to find a case that's even compatible on its facts, we've not been able to come up with. I think this is a case drawn so narrowly on its facts that it just, that I thought it decided to need to be appealed and reviewed. Even the one particular case we may have found that is unpublished, and we talk about Van Brandy and the other cases that both the government and I cite, there were different elements and different facts with regards to the case. For example, Van Brandy talks about conspiracy with regards to the bank robbery and then the aiding and abetting of the bank robbery. In that case, they, the jurors said, well, don't believe he's guilty of the conspiracy, didn't have the sophistication to enter into an agreement to commit the bank robbery, but we believe he aided and abetted in terms of the bank robbery. In that particular case, there were distinguishing elements or distinguishing facts that led to or could support the conviction with regards to the aiding and abetting, but not the conspiracy. Your Honor, I take you back to what I started out with my first argument was, the sole theory of the government was the dangerous knife. There were no other theories that the government put forward that would have supported a finding as we got with regards to this jurors. And Judge, with respect to this, I realize it's a two-part analysis. One, that even if you find that they're inconsistent, then the second question becomes whether there's any evidence to support the jurors' facts, the jurors' determination. How... Well, the second count on which they did find him guilty was assault with bodily harm. Now, why couldn't a jury, laypersons, think that that might be a slightly lesser offense than the first count on which they had hung? And so they would say, well, let's say there was an assault and there's bodily harm, so what's wrong with that? Well... Jurors do funny things. I agree, Judge. Believe me, in all the cases I've tried, I get that. And when I was sitting there waiting for the jury to come back on this one, you could start to feel the momentum shifting away from me because I could read in the note there's probably a problem in how they're deliberating. To answer your question, Your Honor, it's not a lesser included. It's a different charge. But they might have thought of a lesser, a less severity. They might think that he'll get a lighter sentence if we find him guilty of the other things, so... But it still required, although not in the elements, in going back, that there needed to be the night that caused the serious bodily injury. And, Judge, if you are thinking in that manner, in terms of giving me the hypothetical and possibilities as to what the jurors could have thought, then we need to go on to the second part with regards to the question that came out. Because at that point, then we do have an issue of that needed to be clearer instructions with respect to the question that came out before the court and what needed to be instructed by it. If there was a confusion with regards to the second count and whether the night needed to be the instrument that caused the serious bodily injury, then that needed to be clarified. And that is actually covered in the second argument, which I concede to the court that it's my weaker one. However, it does shed some light on the little bit on the first argument. And I recognize that what the court is asking me and what we are discussing is that jurors do funny things. I do get that. There's little evidence in this case that other jurors were complaining about one juror. That's correct. Judge, I'm going to reserve, Your Honors, I'm going to reserve my one minute. Let's hear from the government, and we'll make sure to give you a chance to respond. Thank you, Your Honor. May it please the Court, my name is Carla Hodes DeLure, representing the United States in this matter. The district court did not abuse its discretion when it denied defendants' motion for mistrial on the basis of inconsistent verdicts because the elements of count one and two are different. As counsel pointed out, count one, assault with a serious weapon, has different elements than count two, assault resulting in serious bodily injury. The assault with a dangerous weapon requires the extra elements of the defendant acted with the specific intent to do bodily harm to the victim, and second, that a dangerous instrument was used. And defense counsel is correct. The government's whole theory in this case was that the defendant used a knife to stab the victim, and that was the government's only theory on this case. The fact that, and juries are permitted to render inconsistent verdicts, so the fact that there was no verdict on count one and a verdict on count two, that's perfectly acceptable in this case because the elements of the two counts are different. Even if this court were to find that the verdicts were in fact inconsistent, there was sufficient evidence presented to support the verdict on count two, assault resulting in serious bodily injury. So therefore the court did not abuse its discretion when it denied the motion for mistrial in this case. With respect to the juror note that was sent out, the court also did not abuse its discretion on the motion for mistrial regarding the juror note because the court was in the best position to evaluate what was happening with the jury and its deliberations and the notes it was sending out. And because the court is in the best position to evaluate what is going on, it's afforded great deference and discretion on appeal as to its decision as to whether to conduct further inquiry or handle the situation. The court, when it received the note, discussed with counsel the note and then it decided, look, the court found that it was just a mere observation and a mere comment about the juror. I'm fine until we get to that point. All of a sudden, without having any inquiry, the judge decides she knows what's going on. Well, what happened is the jury had deliberated for three hours and sent out the first note saying, what happens if we can't decide and does the dangerous weapon have to be a knife? The court correctly instructs them that, or re-reads the indictment saying count one alleges it has to be a knife, it has to be a knife. The court correctly does not give any instruction regarding count two because count two does not require a knife. Then an hour and a half later, they send out the second note. We've reached a verdict on one count. We can't reach one on the other count. The judge, I mean, based on the comment in the note, the judge felt like there wasn't anything of further significance, no evidence of really juror misconduct in this juror's influencing the other jurors or not following the court's instruction. And what's also significant about the fact is when having the discussion with counsel, opposing counsel after having discussion at the end says, well, I guess I should move for a mistrial. But the opposing counsel could have also asked for further inquiry, let's vandeer the jurors, let's do something else. And the judge didn't feel that it was anything else regarding that was significant. And the judge has that discretion to make, has the discretion to make that determination. The, and the fact that the count, that the they were hung on, you know, we can't come to a decision on one. They never did render a verdict on that one. So the defendant was never prejudiced by that. And, and in, furthermore, the note said that there was sympathy towards the family. It was all one family involved here. It was the defendants stabbing his brother-in-law. So because the court had the discretion as to, you say it was the defendants stabbing his brother-in-law. That's the count on which they hung. Yeah. Well, yeah. I mean, and who knows why they, who knows why they hung on count one. You know, there was no knife produced. And the victim testified that he only saw the blade and only saw the handle and not the blade. Maybe they found it was some other instrument rather than a knife. But regardless. On that personal sympathy question, does the record indicate to whom the juror felt sympathy? It is not a part of the record as to whom the juror felt sympathy for. I don't know if I'm allowed to comment on what happened after the trial was over. That's not part of the record. It's not part of the court. But no, there was no indication on the note as to who it felt sympathy for. He just said felt sympathy towards the family. But it was all one family in this case that was involved. But the court, so in summary, the court did not abuse its discretion in denying the motion for mistrial either as to the inconsistent verdicts or the fact of the juror misconduct. Therefore, the government asks that you affirm the defendant's conviction and sentence. If there are no further questions. I think not. Thank you. Thank you. Mr. Mitchell. My minute, Judge. To yours. Fair enough. Judge, to respond to I think counsel made the statement that I could have asked or counsel could have asked for an inquiry. In looking at the record, it was clear that there, at least to me, was a problem within the jurors. And that's why I asked for a motion for mistrial. Secondly, with respect to, and I wanted to get back to a point that I did not correct or go over, was there sufficient evidence to support, which is the second problem I think the court goes into if you find that it was not rationally or logically that the verdicts were reconcilable. In this case, all the jurors heard was from the victim in this case who, by his own admission, had smoked crack, cocaine, drank prior to all this incident. I don't believe, with respect to the record, that there was sufficient evidence with respect to the second problem in terms of once the court looks to see if it's reconcilable. Thank you, Judge. Thank both sides for your helpful arguments. United States v. Young, now submitted for decision. Thank you.
judges: Mills, Goodwin, Fletcher W.